STATE of Wisconsin EX REL. Garry A.BORZYCH,
Petitioner-Appellant,

v.

Gary PALUSZCYK, Respondent-Respondent.

Court of Appeals

*No. 95–1711. Submitted on briefs March 1, 1996.—Decided
April 3, 1996.*

(Also reported in 549 N.W.2d 253.)

On behalf of the petitioner-appellant, the cause was submitted on the brief of Garry Borzych, *pro se.*

On behalf of the respondent-respondent, the cause was submitted on the brief of *Steven Schmitz,* principal assistant corporation counsel.

Before Anderson, P.J., Brown and Nettesheim, JJ.

ANDERSON, P.J.  Garry A. Borzych appeals from a judgment of the trial court where the court granted summary judgment in favor of Gary Paluszcyk. We conclude that Paluszcyk did not follow the dictates of § 19.35(1)(i) and (3)(f), STATS., when he required Borzych to prepay $1.29 for a records request. Accordingly, we reverse the judgment of the trial court.

Borzych filed a petition for a writ of mandamus requesting that Paluszcyk, an inspector with the Waukesha County Sheriff's Department, be required to "perform his public duty to comply with the petitioner's request for . . . public records." According to the writ, Borzych submitted a written request to the sheriff's department for a mug shot of Robert Goglio. The mug shot was a "record" within the meaning of § 19.35(2), STATS.

Paluszcyk responded to Borzych's request in writing, stating: "The mug shot is available for you to view at the Records Section of the Waukesha County Sheriff's Office, or remit $1.29 to the following address, and we will mail it to you." Borzych did not send the prepayment, and consequently, Paluszcyk did not send the requested material. The writ of mandamus followed.

The application of the public records law to the facts of this case presents a question of law which we review de novo. *See Coalition for a Clean Gov't v. Larsen,* 166 Wis. 2d 159, 163, 479 N.W.2d 576, 577 (Ct. App. 1991). The trial court granted Paluszcyk's motion for summary judgment. In reviewing summary judgment determinations, we apply the same standards as the trial court. *Posyniak v. School Sisters of St. Francis,* 180 Wis. 2d 619, 627, 511 N.W.2d 300, 304 (Ct. App. 1993). A summary judgment motion shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Section 802.08(2), STATS.

Borzych cites § 19.35(1)(i) and (3)(f), STATS., arguing that he "cannot be denied access to a record because [his] request was made by mail, and cannot be required to prepay the sum of $1.29 before receiving said records." In contrast, Paluszcyk contends that Wisconsin's public records law does not require a record custodian to mail a public record to a requester. According to Paluszcyk, the custodian of records has the option of filling a request for a public record by making the record available for copying by the

525

requester during office hours. He states that he "responded to a request that legally did not have to be honored by asking for a quid pro quo: 'We'll copy and mail, but please pay in advance.' "

Section 19.35, STATS., governs access to records under ch. 19, STATS., "General Duties of Public Officials." Section 19.35(1)(i) provides:

> Except as authorized under this paragraph, no request under pars. (a) and (b) to (f) may be refused because the person making the request is unwilling to be identified or to state the purpose of the request. Except as authorized under this paragraph, no request under pars. (a) to (f) may be refused because the request is received by mail, unless prepayment of a fee is required under sub. (3)(f). A requester may be required to show acceptable identification whenever the requested record is kept at a private residence or whenever security reasons or federal law or regulations so require.

Section 19.35(3)(f) provides:

> An authority may require prepayment by a requester of any fee or fees imposed under this subsection if the total amount exceeds $5.

In *Coalition,* 166 Wis. 2d at 161, 479 N.W.2d at 577, the court addressed the issue of whether the public records law required the custodian to copy a public record and mail the copy to the requester. The court said that the law did not require it and that the custodian had the option of filling the requester's request by mail or by requiring the requester to do his own copy work in the custodian's office. *Id.* at 165, 479 N.W.2d at 578. "[T]he records custodian may elect to provide the requester with a copy of the requested

record *or* permit the requester to photocopy the record."
*Id.* (emphasis added); *see* § 19.35(1)(b), STATS.

   *Coalition*, however, does not apply to the present case. At the time that *Coalition* was written, § 19.35(1)(b), STATS., 1989-90, provided: "If a requester requests a copy of the record, the authority having custody of the record may, at its option, permit the requester to photocopy the record or provide the requester with a copy substantially as readable as the original." 1991 Wis. Act 269, § 26sm, amended § 19.35(1)(b) to provide: "If a requester *appears personally to request* a copy of a record, the authority having custody of the record may, at its option, permit the requester to photocopy the record or provide the requester with a copy substantially as readable as the original." (Emphasis added.)

   The legislature significantly changed the statute so that the choice articulated in *Coalition*, either to (1) permit the requester to photocopy the record, or (2) provide the requester with a copy substantially as readable as the original, is not available when a requester requests material by mail.

   Here, Paluszcyk did not have the ability to make an election. By statute, he was required to photocopy and send the material requested. Section § 19.35(3)(f), STATS., clearly states that a custodian may only request prepayment if the amount exceeds five dollars. In Borzych's case, the amount was under five dollars; thus, Paluszcyk violated the statute by requesting prepayment. Because Paluszcyk did not follow the dictates of the statute, we must reverse.

   *By the Court.*—Judgment reversed.

NETTESHEIM, J. (*concurring*). I concur with the majority opinion. I write separately to express my opinion that the language of *Coalition for a Clean Gov't v. Larsen,* 166 Wis. 2d 159, 479 N.W.2d 576 (Ct. App. 1991), sweeps too broadly. Fortunately, the 1991 change in § 19.35(1)(b), STATS., although apparently not in response to the *Coalition* holding, affords the opportunity to avoid the application of *Coalition* to this and future similar cases. *See* 1991 Wis. Act 269, § 26sm.

As the majority observes, *Coalition* holds that a record custodian has the option to either: (1) provide the requester with a readable copy of the record, or (2) allow the requester to photocopy the record. *Coalition,* 166 Wis. 2d at 165, 479 N.W.2d at 578. Stated differently, the custodian has no obligation to mail or ship the record to the requester.[1]

I disagree with the breadth of the *Coalition* language. Unlike the requester in *Coalition*, here, Borzych is incarcerated. As such, he obviously has no present means of personally appearing before the custodian to obtain the public record. Thus, absent the assistance of a third party, Borzych's only means of obtaining the record is via the mails or other form of shipping by the custodian—an option which the custodian may withhold under *Coalition*.

Thus, the *Coalition* rule would deny many prisoners access to public records under the open records law. This might not dismay public records custodians who are often required to respond to frivolous open records requests from prisoners; nor

---

[1] As the majority correctly observes, under the current statute these same options exist, but the statute applies only when the "requester appears personally to request a copy of a record." Section 19.35(1)(b), STATS.

would it dismay those lawyers and judges who are called upon to litigate these requests. But the *Coalition* language is so broad that it also covers other persons who are physically unable to appear before the custodian and cannot obtain the assistance of third parties to make such an appearance. That approach flies directly in the face of the declared policy of the open records law. *See* § 19.31, STATS.

As noted, we see many abuses of the open records law by prisoners (a matter the legislature should perhaps address). However, I do not agree with the substantial curtailment of the open records law allowed by the broad *Coalition* language, whether or not consciously framed.

As noted by the majority opinion, the legislative change to § 19.35(1)(b), STATS., now limits the *Coalition* rule to only those instances in which the requester appears personally before the custodian. The legislative history regarding this amendment does not reveal whether it was prompted by the *Coalition* decision. Nonetheless, the amendment fortunately eliminates the potential damage of the *Coalition* holding.