[No. 38748-1-I.   Division One.   June 9, 1997.]

AMERICAN CIVIL LIBERTIES UNION, *Appellant,* v. BLAINE SCHOOL DISTRICT No. 503, *Respondent.*

---

[22]*See Gary Merlino Constr. Co. v. City of Seattle*, 108 Wn.2d 597, 603-04, 741 P.2d 34 (1987).

*Laura J. Buckland, Scott A.W. Johnson,* and *Stokes, Eitelbach & Lawrence, P.S.;* and *Daniel A. Raas* and *Raas, Johnsen & Stuen, P.S.,* for appellant.

*J. Timothy Slater,* for respondent.

Cox, J. — Does the public disclosure act require that an agency mail copies of nonexempt and identifiable public records to a person who requests that such records be mailed? We hold that under the circumstances of this case, the agency was required to mail copies of the public records to the requesting party. Accordingly, we reverse and remand with directions.

In 1995, the American Civil Liberties Union of Washington (ACLU) sent two written requests for public records from its Seattle office to the Blaine School District office in Blaine. On both occasions, the District responded that it would make the records available for review and copying at its office in Blaine during its regular business hours.

In response to the District's second letter, the ACLU explained that it was unable to send a representative from Seattle to Blaine to inspect and copy the records. It also stated that it believed that the public records provisions of the public disclosure act (Public Records Act) required the District to mail copies of the records to the ACLU under these circumstances. The District refused to copy or mail the records.

Thereafter, counsel for the parties communicated by telephone and correspondence. The matter remained unresolved.

Roughly two months after the last correspondence between respective counsel for the parties, the ACLU commenced this action in the Whatcom County Superior Court.[1] It sought a determination that the District had violated the Public Records Act by refusing to mail copies

---

[1]"Upon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which a record is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records." RCW 42.17.340(1).

of the records in response to the request. It also requested the award of attorney fees and the statutory penalty.[2]

The District moved for judgment on the pleadings. In response, the ACLU moved for summary judgment. The court granted the District's motion, impliedly denying that of the ACLU. The court also awarded the District statutory attorney fees. The ACLU appeals.

# I

## Public Records Act

■■ We review this matter de novo because the record before the trial court on the motion for judgment on the pleadings consisted entirely of written materials.[3] Moreover, where the facts are undisputed and the only issues are questions of law, review is de novo.[4]

■■ The question of whether the Public Records Act requires agencies to mail copies of identifiable public records under the circumstances of this case is a question of statutory interpretation. We will not construe a statute that is clear on its face.[5] But where a statute is capable of more than one reasonable interpretation, we will construe the statute in order to give effect to the legislative intent.[6]

The Public Records Act became law through Initiative Measure 276, which was approved by the voters in 1972. The Public Records Act is to be construed liberally: "The people insist on remaining informed so that they may maintain control over the instruments that they have cre-

---

[2]See RCW 42.17.340(4).

[3]*Amren v. City of Kalama*, 131 Wn.2d 25, 32, 929 P.2d 389 (1997) (citing *Progressive Animal Welfare Soc'y v. University of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994) (*PAWS*)).

[4]*ITT Rayonier, Inc. v. Dalman*, 67 Wn. App. 504, 507, 837 P.2d 647 (1992), aff'd,122 Wn.2d 801, 863 P.2d 64 (1993) (*citing DuVon v. Rockwell Int'l*, 116 Wn.2d 749, 753, 807 P.2d 876 (1991)).

[5]*Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 443, 842 P.2d 956 (1993).

[6]*In re Marriage of Kovacs*, 121 Wn.2d 795, 804, 854 P.2d 629 (1993).

ated. The public records subdivision of this chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy."[7] The statement of public policy in the law creates the presumption that there will be full access to public records:

> That, mindful of the right of individuals to privacy and of the desirability of the efficient administration of government, full access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.[8]

■■ Our Supreme Court recently set forth the principles guiding interpretation of the Public Records Act in *Amren v. City of Kalama*:

> The Act reflects the belief that the sound governance of a free society demands that the public have full access to information concerning the workings of the government. The purpose of the Act is to ensure the sovereignty of the people and the accountability of the governmental agencies that serve them. . . .
>
> This court has found that the Act is a "strongly worded mandate for broad disclosure of public records."[9]

The mandate of liberal construction requires the court to view with caution any interpretation of the statute that would frustrate its purpose.[10]

Here, the facts are undisputed. The District does not argue that any of the requested records are exempt from disclosure. Moreover, it does not claim that it cannot identify what records are sought. The District does not contest that the requested documents are "identifiable

---

[7]RCW 42.17.251, in part.

[8]RCW 42.17.010(11).

[9]131 Wn.2d at 31 (quoting *PAWS*, 125 Wn.2d at 251).

[10]*See Shoreline Community College Dist. 7 v. Employment Sec. Dep't*, 120 Wn.2d 394, 406, 842 P.2d 938 (1992). *See also Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 128, 580 P.2d 246 (1978).

public records" within the meaning of the act. Finally, the District does not claim that it would disrupt its operations to mail copies of the requested records to Seattle, as requested by the ACLU.

There is no dispute that the ACLU would pay the costs of photocopying. Also, the ACLU represented in its materials below that it makes many mail requests for public records each year and does not have the resources to travel to each agency in order to obtain copies of the requested documents. The District does not challenge these representations.

■ The District argues it discharged its duty under the Public Records Act by making its records available in Blaine during normal business hours to a requester officed in Seattle. According to the District, there is no requirement to mail copies of the records to the requester under these circumstances. We reject this argument.

RCW 42.17.270 provides in part: "Agencies shall *honor requests received by mail* for identifiable public records unless exempted by provisions of this chapter."[11] This dispute centers on the conflicting interpretations given to the italicized portion of the above quotation. The language is ambiguous. The District maintains that the language is limited to clarifying that it must respond to mailed requests by making the requested records available at its offices for inspection and copying. The ACLU argues that the language requires that agencies are required to mail records in response to a request when asked to do so. We must therefore construe the statute to give effect to the intent of the Legislature.

The legislative history for this statute supports the conclusion that agencies should mail requested records to a requester under the circumstances of this case. The requirement that agencies "honor requests received by

---

[11](Emphasis added.) *See also* RCW 42.17.290.

mail" was added to the act by amendment in 1975.[12] A Senate Research Center staff memorandum prepared near the time the legislation was passed summarized this provision by stating that: "[t]his section is identical to both bills as it applies to requiring agencies to *fulfill requests for public records via mail.*"[13] This statement can only be interpreted to require agencies to provide copies of identifiable public records by mail when requested to do so.

This interpretation makes sense, and the facts of this particular case demonstrate why. Here, the requester is officed in Seattle and could not send a representative to Blaine to obtain the records. Moreover, the requester stated the expense of such a trip would be disproportionate to the cost of the District's mailing copies to Seattle. The District's refusal to mail the documents in response to the specific request to do so and its insistence that the requester travel to Blaine to inspect the records are not based on a reasonable interpretation of the act. The District's position effectively denied access to the records. That is inconsistent with the policy of the act to provide full access to nonexempt public records.

The District has given us no reasonable explanation why under these circumstances we should give effect to its reading of the act. Indeed, under the District's interpretation, a resident of Spokane would be required to travel to Blaine to obtain public records during normal business hours. That cannot be a proper interpretation in view of the further statutory duty of the agency to give "fullest assistance to inquirers."[14]

The District points to various provisions in the act that refer to "inspection and copying" to buttress its argument that it is not required to mail copies of identifiable public

---

[12]*See* LAWS OF 1975, 1st Ex. Sess., ch. 294, §§ 15-16, at 1312-13.

[13]Mem. from Joe Daniels to Senator Grant, at 5 (May 29, 1975) (emphasis added). *See also* SHB 827 Bill Analysis, at 9 (Mar. 24, 1975).

[14]RCW 42.17.290.

records upon request. Specifically, the District points to RCW 42.17.340(1), which provides for a show cause hearing where any person has been denied an opportunity "to inspect or copy a public record." As we understand its argument, the District maintains that this statute is proof that all it is required to do is to make records available at its office, no more. The District's literal reading of this provision is too restrictive and is inconsistent with the legislative intent of RCW 42.17.270 that we discussed above. Because the District refused to mail copies of the identifiable public records, it effectively denied the requester the opportunity to have access to the document. Access is the underlying theme of the act.

The District also argues that a federal case interpreting the Freedom of Information Act (FOIA) is persuasive here. In *Nolen v. Rumsfeld*,[15] the Fifth Circuit Court of Appeals stated that FOIA did not require the Army to send the plaintiff the records he requested, only that it make the records available.

■ The state Supreme Court has declined to consider FOIA cases when interpreting provisions in the state act that differ significantly from the parallel provisions in FOIA. For instance, in *Amren*, the court rejected the City of Kalama's argument that FOIA cases applied to the issue of attorney fees under RCW 42.17.340(4).[16] The court noted that FOIA indicates that the court "may" assess attorney fees in favor of a prevailing record requester,[17] while the state act indicates that the court "shall" impose fees against an agency that has improperly withheld records. In *Servais v. Port of Bellingham*,[18] the court noted that Washington's act parallels FOIA, but refused to consider interpretations of FOIA's statutory exemptions because the language of the nearest comparable exemp-

---

[15]535 F.2d 890, 892 (5ᵗʰ Cir. 1976), *cert. denied*, 429 U.S. 1104 (1977).

[16]131 Wn.2d at 35.

[17]131 Wn.2d at 35 n.8 (citing 5 U.S.C. § 552 (a)(4)(E)).

[18]127 Wn.2d 820, 904 P.2d 1124 (1995).

tion under FOIA contained significantly different language.[19]

Therefore, to determine whether *Nolen* is persuasive here, we consider whether FOIA contains provisions similar to those cited by the ACLU in support of its argument.

FOIA is significantly different from Washington's act with respect to the provisions cited by the ACLU. FOIA does not contain a mandate for liberal interpretation. It does not provide that agencies may recover the costs of mailing.[20] It contains no provision requiring agencies to honor requests by mail. Nor does FOIA contain the statements of policy that the Washington act does indicating the Legislature's intent to ensure full access to public records. Given these differences, we do not apply *Nolen* here.

The District also cites a Wisconsin case, *Coalition for a Clean Gov't v. Larsen*,[21] which held that a Wisconsin statute is permissive with respect to mailing records to requesters. That statute does not contain a mandate for liberal interpretation, and the Wisconsin court did not mention one. Moreover, at the time the *Larsen* case was decided, the Wisconsin statute contained a provision that the court interpreted as permitting the records custodian to either provide a photocopy of the record or allow the requester to make a copy.[22] A more recent case notes that the Wisconsin legislature has since amended the provision.[23] The court stated that

> [t]he Legislature significantly changed the statute so that the choice articulated in *Coalition*, either to (1) permit the requester to photocopy the record, or (2) provide the requester

---

[19]127 Wn.2d at 835.

[20]5 U.S.C. § 552(a)(4)(A) (section discussing fees for which agencies may recover does not mention mailing fees).

[21]166 Wis. 2d 159, 479 N.W.2d 576 (1991), *review denied*, 482 N.W.2d 105 (1992).

[22]*Larsen*, 479 N.W.2d at 578.

[23]*State ex rel. Borzych v. Paluszcyk*, 201 Wis. 2d 523, 549 N.W.2d 253 (Ct. App. 1996) (holding that record custodian could not require a requester to prepay in order to have records mailed).

with a copy substantially as readable as the original, is not available when a requester requests material by mail.[24]

In sum, we conclude that legislative intent combined with the mandate for liberal interpretation require us to interpret the act as we do. FOIA and the Wisconsin cases are inapposite.

Because we hold that the District was required under the circumstances of this case to fulfill the records request by mailing the copies to the requester, we need not reach the other arguments the ACLU makes in support of its position.

## II

### Statutory Penalty

The ACLU also asks us to impose the statutory penalty stated in RCW 42.17.340(4). That statute provides:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he was denied the right to inspect or copy said public record.

Our Supreme Court has recently observed that the statutory penalty is designed to "enforce the strong public policies underlying the public disclosure act."[25] A party claiming the penalty need show neither actual damages nor bad faith on the part of the agency.[26] In sum, a prevailing

---

[24]*Borzych*, 549 N.W.2d at 255.

[25]*Amren*, 131 Wn.2d at 36 (citing *PAWS*, 125 Wn.2d at 271).

[26]*Amren*, 131 Wn.2d at 36.

plaintiff is entitled to a penalty award under the statute.[27] The *Amren* court also stated that courts should consider any showing of bad faith or economic loss when determining the amount of the penalty.[28]

The District contends that the ACLU is not entitled to a statutory penalty because the ACLU waited for nearly three months to bring this action. The ACLU contends a penalty is mandatory when a party prevails against an agency. *Amren* supports that view. An award of a penalty is required. The amount of the award is addressed to the sound discretion of the court.

## III

### Attorney Fees

The ACLU is the prevailing party in this matter and is therefore entitled to an award of attorney fees under RCW 42.17.340(4).[29] We see no distinction in terms of policy behind the attorney fees provision between an agency that withholds documents based on a good faith reading of a statutory exemption and an agency that refuses to mail records based on its interpretation of the statute.

We reverse and remand with directions to the trial court to enter summary judgment in favor of the ACLU and to award it attorney fees for trial and appeal of this matter. We further direct the trial court to consider the question of the amount of the statutory penalty and make such decision as is appropriate.

KENNEDY, A.C.J., and ALLENDOERFER, J. Pro Tem., concur.

---

[27]*Amren*, 131 Wn.2d at 37.

[28]*Amren*, 131 Wn.2d at 37.

[29]*Amren*, 131 Wn.2d at 34-35 (citing *PAWS*, 125 Wn.2d at 271).