**UNIGARD INSURANCE COMPANY,**
**Plaintiff,**

**v.**

**DEPARTMENT OF THE TREASURY,**
**Bureau of Alcohol, Tobacco &**
**Firearms, Defendant.**

**No. 97–CV–1126 K(AJB).**

United States District Court,
S.D. California.

Dec. 5, 1997.

---

 

Peter A. Lynch, Cozen & O'Connor, San Diego, CA, for Plaintiff.

Alan D. Bersin, U.S. Atty, Beth L. Levine, Asst. U.S. Atty., San Diego, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

KEEP, Chief Judge.

Defendant Department of the Treasury, Bureau of Alcohol, Tobacco & Firearms ("ATF") has filed a motion to dismiss for lack of subject matter jurisdiction, improper venue and failure to state a claim, or in the alternative, for summary judgment. Plaintiff Unigard Insurance Company has filed an opposition and cross-motion for summary judgment. Defendant opposes plaintiff's cross-motion. Both parties are represented by counsel.

## I. *BACKGROUND*

Defendant ATF is an agency of the United States charged with responsibility for the administration of federal investigations of potential arson and criminally related fires. Plaintiff Unigard, an insurance company, insures a commercial structure that suffered a catastrophic fire loss on September 23, 1996 at 5200 Southland Drive, Salt Lake City, Utah ("the site"). Defendant ATF assumed investigative jurisdiction of the fire site precluding private parties such as Unigard from investigating and accessing the site. Unigard asserts that ATF bulldozed and razed substantial portions of the site during its investigation.

By letter dated February 26, 1997, Peter Lynch, counsel for Unigard, submitted a "request for information" to ATF pursuant to the Freedom of Information Act ("FOIA") 5 U.S.C. § 552. Mr. Lynch sought information about the site, including (1) all reports and related records concerning the fire; (2) all reports and records concerning any testing, inspection or analysis of any evidence collected at the scene; and (3) all witness statements and interviews concerning the fire. (Def.Exh. A(1), Letter of 2/26/97). Unigard claims to have sought this information because it was precluded from obtaining evidence due to destruction of significant portions of the building by ATF. Nowhere in the letter of February 26, 1997 did Mr. Lynch indicate that he represents Unigard or that

he sought the information on Unigard's behalf.

By letter dated March 10, 1997, ATF denied Mr. Lynch's request for information alleging that the material was exempt from public disclosure pursuant to 5 U.S.C. § 557(b)(7)(A). This exemption permits a government agency to withhold "records or information compiled for law enforcement purposes" to the extent that disclosure "could reasonably be expected to interfere with enforcement proceedings." On March 19, 1997, Mr. Lynch submitted an administrative appeal, pursuant to 5 U.S.C. § 552(a)(6)(A), of the denial of his FOIA request. On May 6, 1997, the appeal was denied on the ground that the records were exempt from disclosure under the law enforcement exemption. Specifically, ATF stated that premature release of the requested investigative materials would interfere with an ongoing criminal investigation.

In late April 1997, ATF closed its investigation of the fire at the site. (Def. Exh. D, Cooper Decl. ¶ 9; Def. Exh. E, Sarnacki Decl. ¶ 9). ATF participates in an interagency arson task force along with the Salt Lake City Fire Department, Salt Lake County Fire Department, and the Salt Lake County Sheriff's Department. (Def. Exh. E, Sarnacki Decl. ¶ 1). Members of the task force conduct their investigations jointly. *Id.* The Salt Lake County Fire Department, along with the Salt Lake County Sheriff's Department, is still investigating the matter as a part of the inter-agency task force. (Def. Exh. E, Sarnacki Decl. ¶ 10).

On June 12, 1997, Unigard filed this action for judicial review of the denial of the administrative appeal filed by Mr. Lynch pursuant to 5 U.S.C. § 552(a)(4)(B). On August 15, 1997, Unigard filed a motion seeking to compel ATF to compile, pursuant to the holding in *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873, an itemized index of the materials withheld along with justification for the refusal to produce each category of records. By order of September 14, 1997, this court denied Unigard's motion to compel production of a *Vaughn* index, holding that the materials requested "could reasonably be expected to interfere with the law enforcement proceeding currently underway in the State of Utah." Order of 9/14/97 at 8. This court further stated, "[b]ecause the documents are properly exempt under exemption (b)(7)(A), a *Vaughn* index is not required." *Id.* (citing *Miscavige v. Internal Revenue Service,* 2 F.3d 366, 367 (11th Cir.1993)). A *Vaughn* index need not be produced for exemption (b)(7)(A) withholdings because (b)(7)(A) is a general exclusion, by which the entire class of materials is "per se exempt from disclosure regardless of the content of each document withheld." Order of 9/14/97 at 8 (quoting *Wiener v. Federal Bureau of Investigation,* 943 F.2d 972, 978 n. 5 (9th Cir.1991)).

ATF now moves to dismiss for lack of subject matter jurisdiction, improper venue and failure to state a claim, or in the alternative for summary judgment. Unigard opposes and cross-moves for summary judgment.

## II. *ATF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION*

### A. *Legal Standard*

 Under FRCP 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction. Similarly, Rule 12(h)(3) provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Although the defendants are the movants, the party invoking the federal jurisdiction, the plaintiff here, has the burden of showing that jurisdiction is proper. *Thornhill Publishing Co. v. General Tel. & Electronics Corp.,* 594 F.2d 730 (9th Cir.1979). The court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).

### B. *Lack of Standing*

The Supreme Court has held that the federal courts only have jurisdiction over actual "cases" and "controversies." *See Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Article III of the Unit-

ed States Constitution "requires a litigant to have standing to invoke the power of a federal court." *Id.* The Supreme Court has held that to have standing, a party "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not `conjectural or .hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations omitted). The court stated further that by "particularized," it meant that "the injury must affect the plaintiff in a personal and individual way." *Id.* at n. 1.

▬ Federal courts have addressed standing in cases similar to this one. A person whose name does not appear on the request for disclosure lacks standing to sue under FOIA, even if his interest was asserted in the request. *McDonnell v. United States,* 4 F.3d 1227, 1236–37 (3rd Cir.1993) ("Although his interest was asserted [plaintiff's] signature does not appear on any of the FOIA requests, and he, himself, did not formally pursue administrative remedies upon the denial of these requests."). If a person's name does not appear on a FOIA request, that person has not made a formal request within the meaning of the statute and "may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place." *Id.* at 1237.

▬ Here, only Mr. Lynch's name and the name of his law firm appear on the FOIA request. (See Def. Exh. A(1), Letter of 2/26/97). Nowhere in the letter does Mr. Lynch state that he represents Unigard, or any other party, ·in making the request. Unigard argues that Mr. Lynch would have no interest in the information if he were not representing Unigard, and that ATF's agents in Utah new that the property was insured by Unigard. Mr. Lynch's lack of personal interest in the information is irrelevant. The person seeking the information need not have a personal interest in the information sought. *See National Labor Relations*

*Board v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 1513, 44 L.Ed.2d 29 (1975).

It is also irrelevant, that ATF agents in Utah knew that Mr. Lynch represents Unigard. The regulations governing FOIA requests made to the Department of the Treasury, Bureau of Alcohol, Tobacco & Firearms require that any request must include all required information, and must be sent to "Freedom of Information Act Request, Chief, Disclosure Branch, Bureau of Alcohol Tobacco, and Firearms," in Washington, DC. 31 C.F.R.App. E. The regulations require that "[t]he request for records shall be made in writing *by the person making the request.*" 31 C.F.R. § 1.5(c)(1). (emphasis added). Thus, under the FOIA regulations, the Disclosure Branch could properly assume that the request was being made by Mr. Lynch himself. Mr. Lynch should not have expected the Disclosure Branch in Washington, DC to know that he acts as counsel for the insurer of the site which was the subject of his request if his request did not include that information. It was Mr. Lynch's responsibility to state that he made the request as Unigard's counsel.

Because Unigard never made a formal FOIA request, it has not administratively asserted its right to receive the materials and has no standing to sue in the district court to obtain them. See *McDonnell,* 4 F.3d at 1237. Accordingly, Unigard's complaint must be dismissed for lack of standing.

▬ The court ·notes that if Unigard's assertion were correct, that it and not Mr. Lynch made the FOIA request, this court would not be the proper venue for this action. Under FOIA, only the district court for the "district in which the complainant resides, or has [its] principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction" over an action based on the denial of a FOIA request. 5 U.S.C. § 552(a)(4)(B); 31 C.F.R. § 1.5(k). The agency records concerning this investigation are situated in Utah, and Unigard's principal place of business is in Bellevue, Washington. (See Def. Exh. C, Tanney Decl. ¶ 2).[1] The

---

1. In his declaration, Mark Tanney, a law clerk in the U.S. Attorney's Office, states that he spoke to

United States District Court for the Southern District of California would not have jurisdiction over Unigard's FOIA action.

Unigard suggests that, if the court finds standing or venue improper, it should grant leave to amend to join Mr. Lynch. As this court lacks jurisdiction over Unigard's complaint, it cannot entertain Unigard's request that the court grant leave to amend to join Mr. Lynch as a plaintiff.

### III. CROSS–MOTIONS FOR SUMMARY JUDGMENT

Because the court dismisses Unigard's action for lack of standing, the court does not have jurisdiction to address the merits of the cross-motions for summary judgment. These motions are thus moot.

### IV. CONCLUSIONS

For the foregoing reasons, Unigard's complaint is DISMISSED for lack of subject matter jurisdiction. Because Unigard does not have standing to bring this action, this dismissal is with prejudice.

IT IS SO ORDERED.

the "Legal Office" of Unigard in Bellevue, Washington. That office informed him that Unigard's principal place of business is in Bellevue, Washington. Unigard objects to this declaration as hearsay, but makes no allegation that its principal place of business is located in the Southern District of California. Nonetheless the statement qualifies as a non-hearsay statement under Fed. R.Evid. 801(d)(2)(D) (statement of employee made in the course of employment).