172 P.3d 329 (2007)
Richard LINDEMAN and Ginger Lindeman, husband and wife, Petitioners,
v.
KELSO SCHOOL DISTRICT NO. 458, Respondent.
No. 77253-3.
Supreme Court of Washington, En Banc.
November 15, 2007.
James Kieran Morgan, Longview, WA, for Petitioners.
*330 Clifford Donald Foster Jr., Lisa M. Worthington-Brown, Dionne & Rorick, Seattle, WA, for Respondent.
Michele Lynn Earl-Hubbard, Allied Law Group, LLC, Seattle, WA, Amicus Curiae on behalf of Allied Daily Newspapers of Washington, Washington State Association of Broadcasters, Washington Coalition for Open Government.
Douglas B. Klunder, Seattle, WA, Amicus Curiae on behalf of American Civil Liberties Union of Wash.
OWENS, J.
¶ 1 A surveillance videotape installed on a public school bus recorded an altercation between two students. When parents Richard and Ginger Lindeman (Lindemans) sought access to the videotape through a public disclosure request, Kelso School District No. 458 (District) denied the request on the basis that the videotape was exempt under former RCW 42.17.310(1)(a) (2003)[1] (hereinafter "student file exemption"). The trial court agreed that the videotape was exempt under the student file exemption and the Court of Appeals affirmed. We reverse the Court of Appeals and hold that the District must disclose the videotape.

FACTS
¶ 2 On October 8, 2003, a surveillance video camera installed on a public school bus recorded an altercation between two elementary school students. On the same day, the District allowed the Lindemans, parents of one of the students, to view the videotape of the altercation. Thereafter, the Lindemans sent a letter to the District requesting a copy of the videotape. The District denied the request on the basis that the videotape was exempt from public disclosure. The Lindemans sent a formal request seeking disclosure of the videotape under the former public disclosure act (PDA), chapter 42.17 RCW, recodified as chapter 42.56 RCW (Laws of 2005, ch. 274). The District again denied the request.
¶ 3 The Lindemans subsequently filed an action in Cowlitz County Superior Court, alleging the District violated the PDA by failing to disclose the videotape. The Lindemans sought an order requiring the District to disclose the videotape and an award of attorney fees, costs, and penalties under the PDA. After holding a show cause hearing, the trial court held that the videotape was exempt from disclosure under the PDA. The trial court reached this conclusion after finding that "[t]he school bus surveillance video tape contains information that would allow a viewer to identify a student" and "[t]he tape was maintained by the district for potential discipline." Clerk's Papers at 91. Accordingly, the court dismissed the Lindemans' claim and awarded costs to the District. The Court of Appeals affirmed. Lindeman v. Kelso Sch. Dist. No. 458, 127 Wash.App. 526, 111 P.3d 1235 (2005). We granted review. Lindeman v. Kelso Sch. Dist. No. 458, 156 Wash.2d 1006, 132 P.3d 146 (2006).

ISSUE
¶ 4 Did the District satisfy its burden of establishing that former RCW 42.17.310(1)(a) exempts the surveillance videotape from public disclosure?

ANALYSIS
A. Standard of Review
¶ 5 In reviewing a PDA request, we stand in the same position as the trial court. Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wash.2d 243, 252, 884 P.2d 592 (1994). Judicial review of the agency's decision to withhold the records is de novo. Former RCW 42.17.340(3) (1992).[2]
B. The Student File Exemption
¶ 6 The PDA requires state and local agencies to disclose all public records upon request, unless the record falls within a specific exemption. Former RCW 42.17.260(1) *331 (1997).[3] An agency withholding public records bears the burden of proving the applicability of a statutory exemption. Former RCW 42.17.340(1). In determining whether the PDA requires disclosure, we must liberally construe its public records provisions and narrowly construe its exemptions. Former RCW 42.17.251 (1992).[4]
¶ 7 The parties do not dispute that the videotape is a "public record" and the District is an "agency" within the meaning of the PDA. Thus, the District must disclose the videotape unless a statutory exemption applies. The District refused the Lindemans' disclosure request under the student file exemption, which exempts from disclosure "[p]ersonal information in any files maintained for students in public schools, patients or clients of public institutions or public health agencies, or welfare recipients." Former RCW 42.17.310(1)(a).
¶ 8 We fulfill the PDA's directive to construe the exemption narrowly by giving full effect to the words in the statute. Therefore, we must examine the meaning of "personal information" and "in any files maintained for students." "`This court has the ultimate authority to determine the meaning and purpose of a statute.'" State v. Sullivan, 143 Wash.2d 162, 174, 19 P.3d 1012 (2001) (internal quotation marks omitted) (quoting State v. Alvarez, 128 Wash.2d 1, 11, 904 P.2d 754 (1995)). In the absence of a statutory definition, we may ascertain the plain and ordinary meaning of unambiguous statutory terms by resort to a dictionary. Id. at 175, 19 P.3d 1012.
¶ 9 The PDA does not define "personal information." The dictionary provides several definitions of "personal," including the following: "of or relating to a particular person," "affecting one individual or each of many individuals," "peculiar or proper to private concerns," and "not public or general." Webster's Third New International Dictionary 1686 (2002). Mindful that the PDA requires exemptions to disclosure be construed narrowly, information peculiar or proper to private concerns constitutes personal information for purposes of the student file exemption, as are employee evaluations. Dawson v. Daly, 120 Wash.2d 782, 797, 845 P.2d 995 (1993).
¶ 10 Moreover, we disagree with the Court of Appeals' conclusion that personal information is not modified "in any manner, suggesting that any and all personal information from agencies and institutions that fall under this subsection is exempt from public disclosure." Lindeman, 127 Wash.App. at 539-40, 111 P.3d 1235. The student file exemption does not exempt any and all personal informationit only exempts personal information "in any files maintained for students in public schools." Former RCW 42.17.310(1)(a). Thus, we construe the student file exemption narrowly, in accordance with the directive of the PDA, by exempting information only when it is both "personal" and "maintained for students."
¶ 11 The phrase "files maintained for students in public schools" denotes the collection of individual student files that public schools necessarily maintain for their students. The student file exemption contemplates the protection of material in a public school student's permanent file, such as a student's grades, standardized test results, assessments, psychological or physical evaluations, class schedule, address, telephone number, social security number, and other similar records. See Weems v. N. Franklin Sch. Dist., 109 Wash.App. 767, 37 P.3d 354 (2002) (referring passim to "student files" and "a student's file").
¶ 12 Here, the surveillance camera serves as a means of maintaining security and safety on the school buses. The videotape from the surveillance camera differs significantly from the type of record that schools maintain in students' personal files. Merely placing the videotape in a location designated as a student's file does not transform the videotape into a record maintained for students. As counsel for amici argued,

*332 [T]his tape is not in a file maintained for students. It's not a student record. It's a surveillance tape. They might have put it in the file (but we've heard that they didn't), but that would not, in and of itself, have covered it under the exemption. So it never should have been exempt in the first place.
TVW, Washington State's Public Affairs Network, Wash. State Supreme Court oral argument, Lindeman v. Kelso Sch. Dist. No. 458, No. 77253-3 (Mar. 16, 2006), audio recording available at http://www.tvw.org (emphasis added). Even if the District ultimately used the videotape as the basis for disciplining the student who committed the assault, the videotape itself would not thereby be converted into personal information in files maintained for students, since the videotape does not reveal whether discipline was or was not imposed. The District cannot change the inherent character of the record by simply placing the videotape in the student's file or by using the videotape as an evidentiary basis for disciplining the student.
¶ 13 Further undermining the credibility of any later claim that the videotape was a document maintained in the student's file is the fact that the District permitted the Lindemans to view the videotape on the evening of the incident. Were the videotape actually a record in the student's file, the District would have immediately recognized it as such and would not have shared it absent a court order or subpoena or the consent of the student's parent or guardian. See RCW 28A.605.030; RCW 28A.600.475; 20 U.S.C. § 1232g(b)(2).
¶ 14 Even assuming arguendo that the videotape constituted "personal information" within the meaning of the student file exemption, the District failed to satisfy its burden of showing the videotape was "in any files maintained for students." Thus, we conclude that the videotape was not, and could not have been, legally withheld as a student file document under former RCW 42.17.310(1)(a).
C. Attorney Fees, Costs, and Penalties
¶ 15 Under the PDA, the prevailing party is entitled to attorney fees, costs, and penalties. Former RCW 42.17.340(4). Whether a party is prevailing is a "legal question of whether the records should have been disclosed on request." Spokane Research & Def. Fund v. City of Spokane, 155 Wash.2d 89, 103, 117 P.3d 1117 (2005). We conclude that the District failed to establish the student file exemption and must disclose the videotape pursuant to the PDA. Accordingly, the Lindemans are the prevailing party and are entitled to attorney fees, costs, and penalties.

CONCLUSION
¶ 16 The surveillance videotape of students from a camera on a public school bus is exempt under the student file exemption only if the District establishes the videotape is both "personal information" and "in any files maintained for students." We reverse the Court of Appeals and remand the matter to the trial court for entry of an order granting the Lindemans' disclosure request and awarding attorney fees, costs, and discretionary penalties pursuant to former RCW 42.17.340(4).
WE CONCUR: GERRY L. ALEXANDER, C.J., and CHARLES W. JOHNSON, JAMES M. JOHNSON, and BOBBE J. BRIDGE, JJ.
SANDERS, J. (concurring).
¶ 17 I concur in the majority except insofar as it claims this videotape of students fighting in a crowded school bus is "`personal information.'" Rather this conduct was "`public or general,'" majority at 331, and thus does not meet the majority's own definition. See Dawson v. Daly, 120 Wash.2d 782, 796-99, 845 P.2d 995 (1993).
¶ 18 I concur.
WE CONCUR: TOM CHAMBERS and JAMES M. JOHNSON, JJ.
FAIRHURST, J. (concurring in part and dissenting in part).
¶ 19 The public disclosure act (PDA) exempts from public disclosure public records containing "[p]ersonal information in any files maintained for students in public *333 schools." Former RCW 42.17.310(1)(a)[1] (2003), reenacted and amended at RCW 42.56.230(1) (Laws of 2005, ch. 274, § 403) (hereinafter the "student file exemption"). The Court of Appeals affirmed the trial court's order on show cause that the student file exemption exempted from disclosure a public school bus surveillance videotape capturing an altercation between students. Lindeman v. Kelso Sch. Dist. No. 458, 127 Wash.App. 526, 529, ¶¶ 2-3, 111 P.3d 1235 (2005). I concur in the majority's decision to reverse the Court of Appeals, because the trial court applied the wrong legal standard in reaching its ruling that the videotape was exempt in its entirety. However, I disagree with the majority's decision to grant Richard and Ginger Lindeman's disclosure request on remand. Majority at 332. I would remand to the trial court for determination of whether, and to what extent, the information in the videotape is "[p]ersonal information" that is "in any files maintained for students" and thus exempt under the student file exemption. Former RCW 42.17.310(1)(a).
¶ 20 I agree with the majority that Webster's Third New International Dictionary provides the appropriate definition for "personal" in "personal information" as used in the student file exemption. State v. Sullivan, 143 Wash.2d 162, 175, 19 P.3d 1012 (2001) (absent a controlling statutory definition, the court will give a term its plain and ordinary meaning as ascertained from a standard dictionary, while avoiding unlikely, absurd, or strained consequences). Thus, "personal information" in the student file exemption encompasses information relating to, or affecting, a particular individual, or information associated with private concerns, or information that is not public or general. Webster's Third New International Dictionary 1686 (2002).
¶ 21 The majority properly rejects the Lindemans' contention that the definition of "personal" should be constrained to a mere portion of Webster's meaningto just peculiar or proper to private concerns, not public or general. Id. Such a limited definition would equate "personal information" with private information and render superfluous the explicit privacy language present in former RCW 42.17.310(1)(b) (2003), reenacted and amended at RCW 42.56.230(2) (Laws of 2005, ch. 274, § 403).[2] As the Court of Appeals noted, a "relatively broad definition" of personal information is "the most consistent with the statute as a whole because the subsections, other than (1)(a), specifically implicate a person's privacy interests whereas subsection (1)(a) does not." Lindeman, 127 Wash.App. at 539, ¶ 31, 111 P.3d 1235. The majority's approach is consistent with the rule that a statute must be construed in its entirety, each provision read in relation to the other provisions, and no portion rendered superfluous. In re Det. of Williams, 147 Wash.2d 476, 490, 55 P.3d 597 (2002); Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wash.2d 243, 260, 884 P.2d 592 (1994).
¶ 22 I also agree with the majority that the student file exemption can be construed narrowly, in compliance with the directive of the PDA, by recognizing that it "does not exempt any and all personal information-it only exempts personal information `in any files maintained for students in public schools.'" Majority at 331 (emphasis added) (quoting former RCW 42.17.310(1)(a)). The relatively broad class of personal information is thereby reduced to only that information displaying the particular, identified characteristic of being maintained for students. In effect, the personal information exempt from disclosure is limited to that kept by schools for purposes intrinsically connected with the students themselves, rather than for more general purposes.
¶ 23 However, I dissent from the majority's holding that the student file exemption does not apply to the videotape in this case. A public school bus surveillance videotape capturing an altercation between students *334 could be "[p]ersonal information in any files maintained for students in public schools." Former RCW 42.17.310(1)(a). Certainly, as I explain below, the student file exemption does not manifestly exclude that possibility.
¶ 24 First, the majority's construction of the phrase "`files maintained for students in public schools'" reads into the student file exemption a limitation not enacted by the voters. Majority at 331. The majority depicts the student file exemption as "contemplat[ing] the protection of material in a public school students' permanent file." Id. at 331-332. The majority represents that "permanent file" materials include "a student's grades, standardized test results, assessments, psychological or physical evaluations, class schedule, address, telephone number, social security number, and other similar records." Id. However, the majority's characterization of these so-called "permanent files" is beside the point, because the student file exemption states that it applies to "any files maintained for students," not just permanent ones. Former RCW 42.17.310(1)(a) (emphasis added).
¶ 25 When interpreting a statute enacted through the initiative process, as was the PDA, courts attempt to "ascertain the collective intent of the voters who, acting in their legislative capacity, enacted the measure." Amalgamated Transit Union Local 587 v. State, 142 Wash.2d 183, 205, 11 P.3d 762, 27 P.3d 608 (2001). When the voters have chosen not to include certain language, courts do not add words or clauses to the statute but instead assume the voters "`mean[t] exactly what [the statute] says.'" State v. Delgado, 148 Wash.2d 723, 727, 63 P.3d 792 (2003) (quoting Davis v. Dep't of Licensing, 137 Wash.2d 957, 964, 977 P.2d 554 (1999)). The voters directed that the student file exemption encompass "any files maintained for students." Former RCW 42.17.310(1)(a) (emphasis added). The majority's limitation of the student file exemption to only records that would be kept in students' permanent files is unwarranted.
¶ 26 Second, the majority errs in concluding that the videotape, because it is from a surveillance camera, "differs significantly from the type of record that schools maintain in students' personal files." Majority at 332. The videotape's inherent character as a record is not defined by the technology that produced it. A "`[p]ublic record'" can be "any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics."[3] Former RCW 42.17.020(36) (2002), amended as RCW 42.17.020(41) (Laws of 2005, ch. 445, § 6) (emphasis added). A "`[w]riting'" includes "handwriting, typewriting, printing, photo-stating, photographing, and every other means of recording any form of communication or representation, including . . . video recordings." Former RCW 42.17.020(42) (2002), amended as RCW 42.17.020(48) (Laws of 2005, ch. 445, § 6) (emphasis added). Thus, under the PDA, the videotape's inherent character as a record is defined by the information it contains and to what that information relates, not the source from which it originates.
¶ 27 In this case, the District "retained this tape solely for disciplinary purposes; otherwise, it would have been taped over as was the District's normal procedure." Lindeman, 127 Wash.App. at 529, ¶ 1, 111 P.3d 1235. In other words, this videotape was retained specifically because it contained information documenting an altercation between students. As a record, the videotape is therefore analogous to other District writings documenting student altercations, for example, written descriptions or still photographs. Whether the District keeps such records, and in particular, kept the videotape in question, "in any files maintained for students" is a question of fact that I believe this court cannot resolve based on the record before us. Former RCW 42.17.310(1)(a).
*335 ¶ 28 Third and finally, I disagree that if "the videotape [were] actually a record in the student's file, the District would have immediately recognized it as such and would not have shared it absent a court order or subpoena or the consent of the student's parent or guardian." Majority at 332. As the volume of PDA-associated litigation demonstrates, the PDA does not provide the crystal clarity the majority ascribes to it. The fact that the District permitted the Lindemans, parents of one of the students involved in the altercation, to view the videotape on the evening of the incident, should not be dispositive of whether the videotape is exempt under the student file exemption.
¶ 29 Consequently, for the reasons discussed above, I cannot join in the majority's decision that the videotape in this case fails to satisfy the student file exemption. I would remand this matter to the trial court for a determination of whether, and to what extent, the information in the videotape is, in fact, "[p]ersonal information" that is "in any files maintained for students in public schools." Former RCW 42.17.310(1)(a).
WE CONCUR: BARBARA A. MADSEN, J.
NOTES
[1] Reenacted and amended by Laws of 2005, ch. 274, § 402, and recodified as RCW 42.56.230(1) (Laws of 2005, ch. 274, § 103).
[2] Amended by Laws of 2005, ch. 483, § 5, Laws of 2005, ch. 274, § 288, and recodified as RCW 42.56.550(3) (Laws of 2005, ch. 274, § 103).
[3] Amended by Laws of 2005, ch. 274, § 284, and recodified as RCW 42.56.070(1) (Laws of 2005, ch. 274, § 103).
[4] Amended by Laws of 2005, ch. 274, § 283, and recodified as RCW 42.56.030 (Laws of 2005, ch. 274, § 103).
[1] Former RCW 42.17.310(1)(a) also exempts "[p]ersonal information in any files maintained for . . . patients or clients of public institutions or public health agencies, or welfare recipients."
[2] Former RCW 42.17.310(1)(b) exempts "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy." (Emphasis added.)
[3] The parties do not dispute that the videotape is a "`[p]ublic record,'" thereby leaving open for future consideration the question of whether a school district's surveillance videotape showing children on a public school bus does, in fact, contain "information relating to the conduct of government or the performance of [a] governmental or proprietary function." Former RCW 42.17.020(36) (2002), amended as RCW 42.17.020(41) (Laws of 2005, ch. 445, § 6).