213 P.3d 596 (2009)
Michael F. MORGAN, Appellant,
v.
CITY OF FEDERAL WAY, a code municipality; and the City Attorney, for Federal Way, Respondents, and
Tacoma News, Inc. d/b/a/ The News Tribune, Respondent/Intervenor.
No. 81556-9.
Supreme Court of Washington, En Banc.
August 20, 2009.
*598 John Benjamin Kerr Schochet, Dorsey & Whitney LLP, Stephen Joel Crane, Douglas S. Dunham, Crane Dunham PLLC, Seattle, WA, for appellant.
P. Stephen Dijulio, Ramsey E. Ramerman, Foster Pepper PLLC, Seattle, WA, for respondents.
James Walter Beck, William Edward Holt, Gordon Thomas Honeywell, Tacoma, WA, for respondent intervenor.
Duane Michael Swinton, Steven Joseph Dixson, Spokane, WA, for amicus curiae on behalf of Washington Coalition for Open Government.
James Kendrick Pharris, Alan D. Copsey, Office of the Attorney General, Olympia, WA, for amicus curiae on behalf of Attorney General.
OWENS, J.
¶ 1 In response to a public records request from the News Tribune, the city of Federal Way (City) agreed to release a report on the investigation of a Federal Way Municipal Court employee's hostile work environment complaint. Presiding Judge Michael Morgan filed for a protective order to prevent the release, claiming that the report was exempt from the Public Records Act (PRA), chapter 42.56 RCW. We disagree. Because the report was initiated by the city attorney in accordance with city policy and completed without Judge Morgan's permission, it is a city document subject to disclosure under the PRA. Judge Morgan did not have an attorney-client *599 relationship with the outside investigator, and the report was not prepared in anticipation of litigation, so the PRA exemptions cited by Judge Morgan do not apply. We affirm the trial court's decision to allow the City to release the report.[1]

FACTS
¶ 2 A Federal Way Municipal Court employee complained of a hostile work environment to the City. Per the City's antidiscrimination policy, City Attorney Patricia Richardson initiated an investigation. Richardson contacted Judge Morgan to inform him, in general terms, of the complaint and investigation. Richardson also sought Judge Morgan's cooperation because he had prohibited court employees from cooperating in a prior investigation into accusations against him. Richardson hired attorney Amy Stephson to conduct a factual investigation of the complaint. After meeting with Stephson, Judge Morgan attempted to terminate her investigation. Richardson instructed Stephson to complete a report on her investigation anyway. Later that month, Judge Morgan wrote an e-mail to Richardson complaining that Stephson's investigation was creating a hostile work environment for him. Clerk's Papers (CP) at 215-17 (SEALED). He then forwarded that e-mail message to the private e-mail address of one of the city council members (Document 10). Id. at 215.
¶ 3 The News Tribune requested a copy of the "Stephson Report," and the City agreed to produce it. Judge Morgan filed a motion to prevent the release. The trial court granted a temporary restraining order (TRO) preventing the City from releasing the report but ultimately denied Judge Morgan's motion and dissolved the TRO. Judge Morgan appealed to Division One of the Court of Appeals and that appeal was transferred to this court.

ISSUES
¶ 4 1. Is the Stephson Report a city record subject to the PRA?
¶ 5 2. Is the Stephson Report protected under the work product doctrine, attorney-client privilege, or personal information exemptions?
¶ 6 3. Does attorney-client privilege apply to Judge Morgan's e-mail to the city attorney after he sent it to a third party (Document 10)?
¶ 7 4. Did the trial court abuse its discretion when it denied attorney fees after an injunction was wrongfully issued?

STANDARD OF REVIEW
¶ 8 When the record before the trial court consists entirely of "documentary evidence, affidavits and memoranda of law," this court stands in the same position as the trial court and reviews the trial court's decision de novo. Limstrom v. Ladenburg, 136 Wash.2d 595, 612, 963 P.2d 869 (1998). The PRA must be "liberally construed and its exemptions narrowly construed" to ensure that the public's interest is protected. RCW 42.56.030; Livingston v. Cedeno, 164 Wash.2d 46, 50, 186 P.3d 1055 (2008).

ANALYSIS

I. The PRA
¶ 9 A "`[p]ublic record' includes any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." RCW 42.56.010(2). At all stages, the Stephson Report appeared to be a city record. The initial complaint was made to the City, not to Judge Morgan. The city attorney initiated the investigation in accordance with the City's antidiscrimination policy, not as a result of instruction from Judge Morgan, and continued it over Judge Morgan's protests.[2] As a whole, the *600 record indicates that the Stephson Report was prepared, owned, used, and retained by the City; thus it qualifies as a public record and is subject to disclosure under the PRA.

II. Work Product Doctrine, Attorney-Client Privilege, and Personal Information Exemptions
¶ 10 Judge Morgan contends that the Stephson Report is protected from release under the PRA's work product, attorney-client privilege, and personal information exemptions. RCW 42.56.290, .230(2). The PRA exempts any records related to a "controversy" that would be protected from pretrial discovery. RCW 42.56.290. This includes attorney work product, CR 26(b)(4), and records protected by attorney-client privilege, CR 26(b)(1). Soter v. Cowles Publ'g Co., 162 Wash.2d 716, 730-32, 174 P.3d 60 (2007). The PRA also exempts records containing personal employee information when disclosure would violate the employee's right to privacy. RCW 42.56.230(2).

A. Work Product Doctrine
¶ 11 To invoke the work product exemption, the records must relate to "`completed, existing, or reasonably anticipated litigation.'" Soter, 162 Wash.2d at 732, 174 P.3d 60 (quoting Dawson v. Daly, 120 Wash.2d 782, 791, 845 P.2d 995 (1993)). The work product doctrine does not shield records created during the ordinary course of business. Heidebrink v. Moriwaki, 104 Wash.2d 392, 396-97, 706 P.2d 212 (1985); see Payton v. N.J. Tpk. Auth., 148 N.J. 524, 554-55, 691 A.2d 321 (1997) (holding that an investigation into a hostile work environment claim was likely not work product because it was conducted during the ordinary course of business, not in anticipation of litigation).
¶ 2 At the time of the Stephson investigation, no one had threatened litigation related to the hostile work environment and none was reasonably anticipated. The City's antiharassment policy calls for an investigation into any harassment claim and prompt remedial action. The Stephson investigation was conducted per this antiharassment policy and had a remedial purpose. Therefore, we hold that the Stephson Report was not prepared in reasonable anticipation of litigation and is not protected by the work product doctrine.

B. Attorney-Client Privilege
¶ 13 The attorney-client privilege protects "`communications and advice between attorney and client.'" Hangartner v. City of Seattle, 151 Wash.2d 439, 452, 90 P.3d 26 (2004) (quoting Kammerer v. W. Gear Corp., 96 Wash.2d 416, 421, 635 P.2d 708 (1981)); RCW 5.60.060(2)(a). This privilege "does not protect documents that are prepared for some other purpose than communicating with an attorney." Hangartner, 151 Wash.2d at 452, 90 P.3d 26.
¶ 14 The evidence does not support Judge Morgan's contention that the Stephson Report is protected by attorney-client privilege because no attorney-client relationship developed between Judge Morgan and Stephson. Stephson was hired as an independent investigator, and Judge Morgan referred to her as "the investigator" and not as his attorney. Transcript of Proceedings (TR) (Mar. 10, 2008) at 12. In fact, he complained when she offered "unsolicited advice" and he perceived her actions to exceed those appropriate for an investigator. CP at 71; TR (Mar. 10, 2008) at 10. Moreover, the purpose of her investigation was not to provide legal advice, but to comply with the City's antidiscrimination policy. Her report consists solely of a factual investigation and contains no legal analysis or recommendations. Because no attorney-client relationship developed between Stephson and Judge Morgan, the investigation and report are not protected by attorney-client privilege.

C. Personal Information Exemption
¶ 15 The PRA exempts "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure *601 would violate their right to privacy." RCW 42.56.230(2). The right to privacy extends to matters concerning a person's private life that "(1) [w]ould be highly offensive to a reasonable person, and (2) [are] not of legitimate concern to the public." RCW 42.56.050; Bellevue John Does 1-11 v. Bellevue Sch. Dist. No. 405, 164 Wash.2d 199, 212, 189 P.3d 139 (2008). Unsubstantiated allegations are exempt from disclosure. Does, 164 Wash.2d at 215-16, 189 P.3d 139 (holding that teachers had a right to privacy in unsubstantiated allegations of sexual misconduct toward a minor).
¶ 16 Judge Morgan claims that the report violates his right to privacy because it contains unsubstantiated allegations of "inappropriate behavior," which he contends are highly offensive. However, the allegations including angry outbursts, inappropriate gender-based and sexual comments, and demeaning colleagues and employeesare nowhere near as offensive as allegations of sexual misconduct with a minor and do not rise to the level of "highly offensive." Cf. id. Contrary to Judge Morgan's assertion, the incidents are not unsubstantiated simply because he disputes them. The Stephson Report evaluates each person's credibility and concludes that many of the allegations are likely true, unlike in Does, where the allegations were found to be unsubstantiated. Id. at 217, 189 P.3d 139. Judge Morgan also fails to demonstrate how his behavior in the workplace is not of legitimate concern to the public and the voters.
¶ 17 If one of the PRA's exemptions applies, a court can enjoin the release of a public record only if disclosure "would clearly not be in the public interest and would substantially and irreparably damage any person, or ... vital governmental functions." RCW 42.56.540; Soter, 162 Wash.2d at 757, 174 P.3d 60. Because we find that none of the PRA's exemptions apply, we need not consider this issue. However, we note that the public interest in disclosing the report is substantial. As an elected official, Judge Morgan is accountable to the voters and the voters are entitled to information regarding his job performance. Even if the Stephson Report qualified for one of the exemptions, Judge Morgan has not shown that disclosure "would clearly not be in the public interest." To the contrary, the public has a substantial interest in disclosure of information related to an elected official's job performance.

III. Attorney-Client Privilege and Document 10
¶ 18 To qualify for attorney-client privilege, a communication must be made in confidence. Dietz v. John Doe, 131 Wash.2d 835, 849, 935 P.2d 611 (1997). The presence of a third person during the communication waives the privilege, unless the third person is necessary for the communication, State v. Martin, 137 Wash.2d 774, 787, 975 P.2d 1020 (1999), or has retained the attorney on a matter of "common interest," Broyles v. Thurston County, 147 Wash.App. 409, 442, 195 P.3d 985 (2008). Judge Morgan contends that attorney-client privilege applies to an e-mail he sent to the city attorney even though he later forwarded it to a city council member (Document 10). However, Judge Morgan has not demonstrated how his e-mail to the city council member implicated any common legal interest. See Reed v. Baxter, 134 F.3d 351, 357-58 (6th Cir.1998) (holding that the fire chief waived attorney-client privilege when two city council members were present at a meeting with the city attorney because the council members were not acting as clients of the city attorney). Therefore, Judge Morgan waived attorney-client privilege when he forwarded his e-mail to a third party.

IV. Denial of Attorney Fees
¶ 19 At its discretion, the trial court may award attorney fees to a party who prevails in dissolving a wrongfully issued TRO. Confederated Tribes of Chehalis Reservation v. Johnson, 135 Wash.2d 734, 758, 958 P.2d 260 (1998). A trial court has abused its discretion if its decision is manifestly unreasonable or based on untenable grounds. State v. Mason, 160 Wash.2d 910, 922, 162 P.3d 396 (2007), cert. denied, ___ U.S. ___, 128 S.Ct. 2430, 171 L.Ed.2d 235 (2008).
¶ 20 Here, the trial court held that it had discretion to award attorney fees, but it declined to do so because filing for a TRO *602 was necessary to preserve Judge Morgan's rights. This aligns with our holding in Confederated Tribes that TROs are generally reasonable when a party seeks to prevent the disclosure of public records because they are often the only way to preserve a party's right prior to trial, but that attorney fees may still be awarded at the trial court's discretion. Confederated Tribes, 135 Wash.2d at 758, 958 P.2d 260. Although Judge Morgan failed to give the City proper notice, the City has not shown that it was prejudiced by the failure to give notice. While Judge Morgan's failure to give notice might have been sufficient to justify awarding attorney fees, it does not mandate it. The trial court's decision was not an abuse of discretion and should be upheld.

CONCLUSION
¶ 21 We affirm the trial court's decision to allow the City to release the documents because they are public records and not exempt from disclosure under the PRA.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, MARY E. FAIRHURST, CHARLES W. JOHNSON, JAMES M. JOHNSON, DEBRA L. STEPHENS, TOM CHAMBERS, Justices, JOEL M. PENOYAR, KEVIN M. KORSMO, Justices Pro Tem.
NOTES
[1] Earlier, the court unanimously ordered the immediate release of the report at issue in this case indicating an opinion would follow setting forth the court's reasoning. This is that opinion.
[2] Judge Morgan insists that the City's investigation conflicts with GR 29(f), which charges presiding judges with overseeing court employees, including their working conditions. Even if the investigation did conflict, we must base our ruling on what actually happened, not what he argues "should have happened." See Soter v. Cowles Publ'g Co., 131 Wash.App. 882, 897-98, 130 P.3d 840 (2006), aff'd, 162 Wash.2d 716, 174 P.3d 60 (2007).