[No. 62011-8-I.   Division One.   October 26, 2009.]

MEREDITH MECHLING, *Appellant*, v. THE CITY OF MONROE, *Respondent*.

834

*William J. Crittenden*, for appellant.

*Angela S. Belbeck* (of *Ogden Murphy Wallace, PLLC*), for respondent.

*Scott A.W. Johnson* and *Mathew L. Harrington* on behalf of Washington Coalition for Open Government, amicus curiae.

¶1 SCHINDLER, C.J. — In 2005, Meredith Mechling made two separate public record requests to the city of Monroe (City) for e-mail messages of city council members discussing city business. Mechling appeals the trial court's decision that personal e-mail addresses of the council members in e-mails discussing city business are exempt from disclosure under the personal information exemption of the public

disclosure act (PDA), former RCW 42.17.310(1)(u) (2003).[1]
Mechling also contends the trial court erred in ruling that
the PDA does not require the City to provide unredacted
e-mail messages in an electronic format and that the City
properly identified and withheld or redacted other e-mail
messages. We hold that the personal e-mail addresses used
by city council members to discuss city business are not
exempt from disclosure under former RCW 42.17.310(1)(u).
We also conclude the City's identification of the records
withheld in response to the March 2005 request was inad-
equate and the court erred in ruling that the City properly
withheld or redacted other e-mails. Although the PDA does
not require the City to provide the unredacted e-mails in an
electronic format, on remand the court should consider
whether it is reasonable and technically feasible to do so.
We reverse in part, affirm in part, and remand.

## FACTS

¶2 On March 21, 2005, Meredith Mechling made a public
records request to the City related to two recent city council
meetings. Mechling requested:

> Any and all written communications, including but not limited
> to memos and faxes, and emails originating from or delivered to
> the City of Monroe pertaining or referring to the City Council
> meetings of 3/2/05 and 3/9/05. Please include any and all
> correspondence related to the ethics ordinance or ethics board
> appointments.

In response to the City's request for clarification, Mechling
stated:

> I am requesting a copy of all written communication related to
> the City Council meetings of 3/2/05 and 3/9/05, including the
> agenda packets, faxes, memos, and all emails to or from the

---

[1] Effective July 1, 2006, the legislature amended and recodified some sections of
chapter 42.17 RCW as the Public Records Act, chapter 42.56 RCW. LAWS OF 2005,
ch. 217, §§ 102, 103, 502; LAWS OF 2006, ch. 209, § 17. Because the provisions of
former chapter 42.17 RCW govern the public record requests that Mechling made
in 2005, we refer to the former provisions.

City of Monroe's computer server, which relate in any way to the subject of the Ethics Ordinance or proposed amendments to it. That would include copies of emails to or from the City Attorney, the City Administrator, and/or councilmembers.

¶3 On March 23, the City provided Mechling with approximately 21 pages of records, including two e-mail messages from a council member to the city administrator. In a letter dated April 4, the City identified 15 other e-mail messages "to and from" the city attorney as exempt from disclosure based on attorney-client privilege.

¶4 The following communications are exempt pursuant to RCW 5.60.060:

E-mail to and from the City Attorney Phil Olbrects Dated: March 4, 2005 (4:05 p.m.); March 7, 2005; (6.09 p.m.); March 7, 2005 (3.41 p.m.); March 7, 2005 (3:24 p.m.); March 7, 2005 (5.07 p.m.); March 7, 2005 (8.51 a.m.); March 7, 2005 (12:10 p.m.); March 4, 2005 (9.42 p.m.); March 4, 2005 (4:05 p.m.); March 4, 2005 (3:07 p.m.); March 3, 2005 (6:13 p.m.); March 3, 2005 (8:08 p.m.); March 3, 2005 (2:09 p.m.); March 3, 2005 (1:45 p.m.); March 3, 2005 (8:54 a.m.)

These communications, while responsive to your request, fall within the Attorney/Client privilege and are exempt from disclosure.

¶5 On December 28, Mechling made a second public records request to the City asking for e-mail messages to and from city council members from December 1 to December 28 discussing city business.

Pursuant to the Public Disclosure Law, please provide copies of the following public information:

E-mails to and from any Monroe City Councilmembers *in which city business is the subject matter*, including e-mails originating from the home or business computers of council members, from December 1, 2005 to the present.

In response to the City's request for clarification Mechling stated:

I am requesting all emails sent by, or received by Monroe City Council members, including those emails contained on their

home or business computers, *in which city business is discussed*, from 12/1/05 to the present. In other words, I am not limiting the emails to those contained on the City's computer system.

¶6 On January 5, 2006 Mechling told the City she wanted the e-mail messages in an electronic format:

In the interest of saving staff time and expense, I would prefer that the e-mails be delivered electronically. Since they already exist in electronic form, this seems reasonable . . . . Of course, I am *not* interested in information of a personal nature, and understand that this may require redaction. I am assuming that you have not yet made copies since you told me the records would not be available until January 31.

¶7 On February 3, the city attorney sent an e-mail to Mechling concerning the administrative work necessary to comply with her request.

You have made a very broad disclosure request on records that councilmembers had considered personal, involving e-mails from home and work computers with family, friends and other people. City issues are mixed with personal communications and we have had to spend considerable time separating and redacting to ensure that the City complies with the law while protecting the privacy of city officials.

The city attorney asked Mechling to "seriously consider limiting your request to the extent possible out of respect for the privacy of Monroe's councilmembers." In response, Mechling declined to narrow the request and noted that she had not received a response to her earlier "request delivered electronically."

¶8 In response, the city attorney informed Mechling that "Nondiscloseable information is redacted from the e-mails. We can't do this to the electronic format. The City has no obligation to provide you the documents in electronic format." The city attorney stated paper copies of the records would be provided at a cost of 15 cents per page.[2]

---

[2] Mechling paid $76.20 for copies of the records.

¶9 In a letter dated February 8, the City Attorney provided Mechling with a "List of Redacted Documents" for the December 2005 request. The letter describes the redactions as follows:

All personal addresses, telephone numbers, and electronic mail addresses of council members have been redacted pursuant to RCW 42.17.310[(1)](u). Other redactions and their respective exemptions are noted on the attached log.

The log identifies the e-mails by date, time, and the names of the individuals who sent and received the e-mail messages. The log also describes the basis for the redactions, citing the personal information exemption under former RCW 42.17.310(1)(u), attorney-client privilege, and the deliberative process exemption under former RCW 42.17-.310(1)(i). The log also indicates that some e-mails were redacted because the information " '[d]oes not meet definition of public record.' "

¶10 On July 21, Mechling filed a "Complaint for Public Disclosure." Mechling alleged that the City violated the PDA by improperly withholding or redacting the public records, refusing to provide e-mails in the original electronic format, and failing to adequately identify the records that were withheld or redacted.

¶11 On November 13, Mechling filed a motion for partial summary judgment. The court ruled there were genuine issues of material fact and denied the motion.

¶12 In October 2007, the City and Mechling entered into a 12-page stipulation setting forth the undisputed facts and attaching 26 exhibits. Thereafter, Mechling and the City filed cross motions for summary judgment.

¶13 The court granted the City's motion for summary judgment and entered the following findings:

1. Former RCW 42.17.310(1)(u) [RCW 42.56.250(3)] authorizes redaction of councilmembers' personal e-mail addresses from e-mails discussing City business; and

2. The Public Records Act does not require the City to provide records in electronic format, and that the City may satisfy its

obligations under the Act by providing paper copies of responsive records; and

3. The City properly withheld attorney-client privileged communications in full and properly redacted attorney-client privileged information that fell within otherwise non-privileged documents; and

4. The City properly redacted information that did not meet the definition of a public record . . . .

In an addendum, the court made additional findings in support of its decision that the personal e-mail addresses are exempt from disclosure under former RCW 42.17-.310(1)(u) and the City complied with the PDA in providing copies of the requested records.

1). The court finds that the personal e-mail addresses at issue herein do not constitute a "public record" as that term is defined in RCW 42.56.010 (former RCW 42.17.020). Further, that type of information is designated in RCW 42.56.250 (former RCW 42.17.310(1)(u)[)] as exempt from public inspection and copying. The court finds that chapter 56 (former chapter 17), when read as a whole, exempts the e-mail addresses in question here. This premise is supported by the Defendant's reliance on *Tacoma Library v. Woessner*, 90 Wn. App. 205, 951 P.2d 357 (1998), the holding being that it is the nature of the information, not it's [sic] precise physical location, that determines its status as exempt. As counsel indicated at argument, the statutes here have been amended and modified in almost a piece-meal fashion. It appears to the court, however, that the general intent of the statute is to exempt certain information. It further appears to the court that personal e-mail addresses, as at issue here, should be exempted. The City properly redacted that information.

2). Technology has made tremendous progress in communication, information dissemination, and records storage. Limited by, generally, financial considerations, government agencies try to keep up with such progress, but not all are able to provide 'current state-of-the-art' facilities or equipment. The direction of the PRA is to 'make available for public inspection and copying' all non-exempt public records. The court is aware that paper copies of such documents have traditionally been the

method utilized in response to requests. The day may come when electronic records will be required to be provided in the format. That day is not here. The City is in compliance with the PRA by providing paper copies of the requested records.

¶14  After entry of the summary judgment order, the City submitted withheld and redacted records for in camera review. In a letter decision dated May 15, the court ruled that the City properly withheld or redacted the records and entered an order sealing the records. The parties stipulated to entry of a final judgment. Mechling appeals.

## ANALYSIS

*Standard of Review*

¶15  We review a public records request de novo. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994) (*PAWS* II). Former RCW 42.17.340(3) (1992) also provides that judicial review of the City's decision to withhold or redact records under former RCW 42.17.250-42.17.320 is de novo:

> Judicial review of all agency actions taken or challenged under RCW 42.17.250 through 42.17.320 shall be de novo. Courts shall take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others. Courts may examine any record in camera in any proceeding brought under this section. The court may conduct a hearing based solely on affidavits.

*The Public Disclosure Act*

¶16  Enacted by initiative, the PDA, former chapter 42.17 RCW, is "a strongly-worded mandate for broad disclosure of public records." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978); Laws of 1973, ch. 1. The purpose of the PDA is to "ensure the sovereignty of the people and the accountability of the governmental agencies that serve them" by providing full access to information

concerning the conduct of government. *Amren v. City of Kalama*, 131 Wn.2d 25, 31, 929 P.2d 389 (1997).

> That, mindful of the right of individuals to privacy and of the desirability of the efficient administration of government, full access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.

RCW 42.17.010(11).

¶17 To implement this public policy, the PDA mandates that governmental agencies

> shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (6) of this section, RCW 42.17.310, 42.17.315 or other statute which exempts or prohibits disclosure of specific information or records.

Former RCW 42.17.260(1) (1997).

¶18 The PDA mandates that the provisions of the act must be liberally construed to promote full access to public records and the exemptions must be narrowly construed. *Amren*, 131 Wn.2d at 31. Former RCW 42.17.251 (1992) provides:

> The people of this state do not yield their sovereignty to the agencies that serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may maintain control over the instruments that they have created. The public records subdivision of this chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy.

¶19 A governmental agency withholding a public record bears the burden of establishing that "refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records." Former RCW 42.17.340(1); *Bellevue John Does 1-11 v. Bellevue Sch. Dist.*

*No. 405,* 164 Wn.2d 199, 209, 189 P.3d 139 (2008). If an exemption applies and the requested records contain both exempt and nonexempt information, the exempt information may be redacted but the remaining information must be disclosed. *Amren,* 131 Wn.2d at 32; former RCW 42.17.310(2).

*Personal E-mail Addresses Used To Discuss City Business*

¶20 Mechling contends that the trial court erred in ruling that the personal e-mail addresses in e-mail messages used by city officials to discuss city business were exempt from disclosure and properly redacted under the personal information exemption of the PDA, former RCW 42.17.310(1)(u).

¶21 The PDA defines a "public record" as

any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics.

Former RCW 42.17.020(41) (2005).

¶22 The PDA defines a "writing" as

handwriting, typewriting, printing, photostating, photographing, and every other means of recording any form of communication or representation, including, but not limited to, letters, words, pictures, sounds, or symbols, or combination thereof, and all papers, maps, magnetic or paper tapes, photographic films and prints, motion picture, film and video recordings, magnetic or punched cards, discs, drums, diskettes, sound recordings, and other documents including existing data compilations from which information may be obtained or translated.

Former RCW 42.17.020(48) (2005).

¶23 An e-mail message is a "writing" under the PDA. *O'Neill v. City of Shoreline,* 145 Wn. App. 913, 923, 187 P.3d 822 (2008), *review granted,* 165 Wn.2d 1044, 208 P.3d 554 (2009). E-mail messages of public officials or

employees are subject to a public records request if the e-mails contain information related to the conduct of government. *Tiberino v. Spokane County, Office of Prosecuting Attorney*, 103 Wn. App. 680, 688, 13 P.3d 1104 (2000).

¶24 Former RCW 42.17.310 exempts certain personal information from disclosure. Former RCW 42.17-.310(1) prohibits disclosure of certain personal information. Former RCW 42.17.310(1)(b) expressly refers to "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy." Former RCW 42.17.310(1)(u) also provides in pertinent part:

(1) The following are exempt from public inspection and copying:

. . . .

(u) The residential addresses, residential telephone numbers, personal wireless telephone numbers, *personal electronic mail addresses*, Social Security numbers, and emergency contact information *of employees or volunteers of a public agency, . . . which are held by any public agency in personnel records, public employment related records, or volunteer rosters, or are included in any mailing list of employees or volunteers of any public agency.*[3]

¶25 The parties dispute the meaning of the language "public employment related records" in former RCW 42.17.310(1)(u) and whether the exemption applies to personal e-mail addresses. Mechling argues that the exemption applies only to personal e-mail addresses contained in personnel and public employment related records. Mechling asserts that personal e-mail addresses contained in e-mail messages of council members discussing city business are not exempt under former RCW 42.17.310(1)(u). The City

---

[3] (Emphasis added.) Former RCW 42.17.310(1)(u) as recodified and amended in RCW 42.56.250 is exactly the same, but it is included in a section titled "Employment and licensing" and described as "employment and licensing information." *See* Laws of 2005, ch. 274, §§ 401, 402, 405; Laws of 2006, ch. 209, § 6 (effective July 1, 2006).

asserts that because "public employment related records" means all "records that are related to a person's work done on behalf of the public agency," the personal e-mail addresses were properly redacted as exempt from public disclosure under former RCW 42.17.310(1)(u).

¶26 The meaning of a statute is a question of law reviewed de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The court's primary objective is to ascertain and give effect to legislative intent. *Nat'l Elec. Contractors Ass'n Cascade Chapter v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d 481 (1999). In determining legislative intent, we first look to the plain language and ordinary meaning of the statute. *Nat'l Elec.*, 138 Wn.2d at 19. If the meaning of the statute is plain on its face, our inquiry is at an end. *Campbell & Gwinn*, 146 Wn.2d at 9-10. We must interpret and construe statutes to give effect to all language used, rendering " 'no portion . . . meaningless or superfluous.' " *Prison Legal News, Inc. v. Dep't of Corr.*, 154 Wn.2d 628, 643-44, 115 P.3d 316 (2005) (quoting *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996)). When interpreting a statute, we avoid an unlikely, absurd, or strained result. *Morris v. Blaker*, 118 Wn.2d 133, 143, 821 P.2d 482 (1992).

¶27 We reject the City's interpretation of the language "public employment related records" to mean all records related to the work of a public official or public employee. The City's interpretation is contrary to the purpose and intent of the PDA, ignores the requirement to narrowly construe exemptions, and is so broad that it would apply to, and exempt, virtually all public records. The City's interpretation also ignores the legislature's use of the word "in" and renders the language *"held by any public agency in personnel records"* and *"in any mailing list of employees or volunteers of any public agency"* superfluous.[4] As in *Lindeman v. Kelso School District No. 458*, 162 Wn.2d 196,

---

[4] (Emphasis added.)

202, 172 P.3d 329 (2007), we hold that the exemption applies only to the personal e-mail addresses contained *in* personnel or employment related records held by the public agency and does not exempt from disclosure personal e-mail addresses contained in the e-mail messages of public officials discussing city business.

¶28 In *Lindeman*, the court rejected the school district's broad interpretation of the student file exemption in former RCW 42.17.310(1)(a) and held the exemption applies only to personal information " 'in any files maintained for students in public schools.' " *Lindeman*, 162 Wn.2d at 202 (quoting former RCW 42.17.310(1)(a)).

> The phrase "files maintained for students in public schools" denotes the collection of individual student files that public schools necessarily maintain for their students. The student file exemption contemplates the protection of material in a public school student's permanent file . . . .

*Lindeman*, 162 Wn.2d at 202.

¶29 The City's reliance on *Tacoma Public Library v. Woessner*, 90 Wn. App. 205, 217-18, 951 P.2d 357 (1998), is misplaced. In *Tacoma Public Library*, Woessner requested records containing employee rates of pay, benefits, and pension contributions. The library provided the records but redacted the employee names and identification numbers. *Tacoma Pub. Library*, 90 Wn. App. at 210. The library claimed the information was exempt under the privacy exemption of the PDA, former RCW 42.17.255 (1987). *Tacoma Pub. Library*, 90 Wn. App. at 210. The court held that release of the employee names did not violate the right to privacy if the identification numbers were redacted. In reaching this conclusion, the court stated, "Whether the file is specifically labeled as an employee's individual personnel file is not the focus." *Tacoma Pub. Library*, 90 Wn. App. at 217. Because Woessner did not seek disclosure of the information under former RCW 42.17.310(1)(u), the court did not address the meaning of that exemption. *Tacoma Pub. Library*, 90 Wn. App. at 221.

¶30 We hold that former RCW 42.17.310(1)(u) does not exempt disclosure of personal e-mail addresses used by elected officials to discuss city business. On remand, Mechling is entitled to the requested e-mail messages without redaction of the personal e-mail addresses.

*Request To Provide Unredacted E-mails in an Electronic Format*

¶31 Mechling contends that the court erred in ruling that the City had no obligation under the PDA to provide the unredacted e-mail messages in an electronic format.[5] Mechling asserts that based on the statutory duty to provide "fullest assistance" the City must provide the unredacted e-mails in an electronic format. The City relies on *Dismukes v. Department of Interior*, 603 F. Supp. 760 (D.D.C. 1984) to argue that the PDA does not impose an obligation to provide records in an electronic format.[6] However, the *Dismukes* decision was superseded by the 1996 amendments to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. In 1996, Congress amended FOIA to require disclosure of electronic information in an electronic form. Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104-231, §§ 1-12, 110 Stat. 3048 (1996).[7]

---

[5] Mechling also relies on *O'Neill* to argue that the City had a duty to produce the e-mails in electronic form in order to provide metadata. But, unlike in *O'Neill*, Mechling did not request metadata.

[6] In *Dismukes*, the requestor asked the Bureau of Land Management under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for a copy of a computer tape containing information about oil and gas lotteries. The court held that the agency did not violate FOIA by providing the information on microfiche instead of a computer tape. Although computer tape was less expensive and more convenient, the court stated that the "agency need only provide responsive, nonexempt information in a reasonably accessible form." *Dismukes*, 603 F. Supp. at 763.

[7] As amended, 5 U.S.C. § 552(a)(3)(B) provides:

In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. Each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section.

¶32 Former RCW 42.17.290 (1995) provides that the agency must adopt rules and regulations to provide "fullest assistance to inquirers":

> Agencies shall adopt and enforce reasonable rules and regula-
> tions, and the office of the secretary of the senate and the office
> of the chief clerk of the house of representatives shall adopt
> reasonable procedures allowing for the time, resource, and
> personnel constraints associated with legislative sessions, con-
> sonant with the intent of this chapter to provide full public
> access to public records, to protect public records from damage
> or disorganization, and to prevent excessive interference with
> other essential functions of the agency, the office of the secre-
> tary of the senate, or the office of the chief clerk of the house of
> representatives. *Such rules and regulations shall provide for
> the fullest assistance to inquirers and the most timely possible
> action on requests for information.* Nothing in this section shall
> relieve agencies, the office of the secretary of the senate, and
> the office of the chief clerk of the house of representatives from
> honoring requests received by mail for copies of identifiable
> public records.[8]

¶33 Mechling relies on *American Civil Liberties Union of Washington v. Blaine School District No. 503*, 86 Wn. App. 688, 937 P.2d 1176 (1997) (*ACLU*), to argue that the statutory duty of "fullest assistance to inquirers" obligated the City to provide the requested e-mails in an electronic format. *ACLU* is distinguishable.

¶34 In *ACLU*, a public school district in Blaine refused to provide the requested records by mail. *ACLU*, 86 Wn. App. at 698. The district made the records available at its office. *ACLU*, 86 Wn. App. at 691. On appeal, the school district argued that under former RCW 42.17.270 (1987), it had no obligation to mail the requested records to the ACLU. Former 42.17.270 provides, "Agencies shall honor requests received by mail for identifiable public records unless exempted by provisions of this chapter." We disagreed with the district's interpretation of the PDA and held that the PDA requires agencies to mail records in response to a

---

[8] (Emphasis added.)

request to do so. In rejecting the school district's interpretation of former RCW 42.17.270, we noted a "further statutory duty of the agency to give 'fullest assistance to inquirers.' " *ACLU*, 86 Wn. App. at 695.

¶35 Here, unlike in *ACLU*, there is no provision in the PDA that expressly requires a governmental agency to provide records in electronic form. However, while not binding, the model rules adopted by the attorney general in chapter 44-14 of the Washington Administrative Code (WAC) offer useful guidance.

¶36 WAC 44-14-050 addresses electronic records:

> **Processing of public records requests—Electronic records.** (1) **Requesting electronic records.** The process for requesting electronic public records is the same as for requesting paper public records.
>
> (2) **Providing electronic records.** When a requestor requests records in an electronic format, the public records officer will provide the nonexempt records or portions of such records that are reasonably locatable in an electronic format that is used by the agency and is generally commercially available, or in a format that is reasonably translatable from the format in which the agency keeps the record. Costs for providing electronic records are governed by WAC 44-14-07003.[9]

WAC 44-14-05001 addresses access to electronic records:

> **Access to electronic records.** The Public Records Act does not distinguish between paper and electronic records. . . . Many of these electronic formats such as Windows® products are generally available and are designed to operate with other computers to quickly and efficiently locate and transfer information. Providing electronic records can be cheaper and easier for an agency than paper records. . . . In general, an agency should provide electronic records in an electronic format if requested in that format. Technical feasibility is the touchstone for providing electronic records. . . .[10]

---

[9] Filed January 31, 2006, effective March 3, 2006.

[10] Filed June 15, 2007, effective July 16, 2007.

¶37 Although the City has no express obligation to provide the requested e-mail records in an electronic format, consistent with the statutory duty to provide the fullest assistance and with the model rules, on remand the trial court shall determine whether it is reasonable and feasible for the City to do so. However, as to properly redacted e-mails, we reject Mechling's argument that the City has an obligation to scan the e-mails to create portable document format (PDF) or tagged image file format (TIFF) files. *Sperr v. City of Spokane*, 123 Wn. App. 132, 136, 96 P.3d 1012 (2004); *Smith v. Okanogan County*, 100 Wn. App. 7, 11, 994 P.2d 857 (2000).

*Attorney-Client Privilege*

¶38 In response to Mechling's March 2005 public records request, the City withheld e-mail messages as exempt from disclosure under the attorney-client privilege. In response to Mechling's December 2005 public records request, the City did not withhold e-mails covered by the attorney-client privilege. Instead, the City redacted portions of the e-mails it asserted were covered by the attorney-client privilege. On appeal, Mechling only challenges the trial court's determination that in response to her March 2005 request, the City was entitled to withhold, instead of redact, e-mail messages based on the attorney-client privilege.

¶39 Relying on *Hangartner v. City of Seattle*, 151 Wn.2d 439, 453, 90 P.3d 26 (2004), the City argues that records protected by the attorney-client privilege under RCW 5.60.060(2) are exempt in their entirety from the requirements of the PDA and are not subject to redaction. Mechling asserts that the redaction requirement under the PDA applies to records protected from disclosure under the attorney-client privilege.

¶40 If an exemption under the PDA applies and the requested records contain both exempt and nonexempt information, the exempt information may be redacted. *Amren,*

131 Wn.2d at 32; former RCW 42.17.310(2).[11] Former RCW 42.17.260(1) creates an exception to disclosure if the public record is exempt under "other statute[s] which exempt[ ] or prohibit[ ] disclosure of specific information or records." Former RCW 42.17.260(1) provides in pertinent part:

> Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (6) of this section, RCW 42.17.310, 42.17.315, *or other statute which exempts or prohibits disclosure of specific information or records.*[12]

¶41 According to the court in *PAWS* II, if an "other statute" does not conflict with the PDA and exempts certain information from disclosure, the redaction requirement under the PDA does not apply:

> There is an exception to this redaction requirement. The "other statutes" exemption incorporates into the Act other statutes which exempt or prohibit disclosure of specific information or records. RCW 42.17.260(1). In other words, if such other statutes mesh with the Act, they operate to supplement it. However, in the event of a conflict between the Act and other statutes, the provisions of the Act govern. RCW 42.17.920. Thus, if another statute (1) does not conflict with the Act, and (2) either exempts or prohibits disclosure of specific public records in their entirety, then (3) the information may be withheld in its entirety notwithstanding the redaction requirement.

*PAWS* II, 125 Wn.2d at 261-62 (footnote omitted).

¶42 In *Hangartner*, the court interpreted former RCW 42.17.260(1) and held that the attorney-client privilege

---

[11] Former RCW 42.17.310(2) provides:

Except for information described in subsection (1)(c)(i) of this section and confidential income data exempted from public inspection pursuant to RCW 84.40.020, the exemptions of this section are inapplicable to the extent that information, the disclosure of which would violate personal privacy of vital government interests, can be deleted from the specific records sought. . . .

[12] (Emphasis added.)

statute, RCW 5.60.060(2), is an " 'other statute' " that exempts information from disclosure under the PDA. *Hangartner*, 151 Wn.2d at 453. However, the court in *Hangartner* did not address redaction or the question of whether a document that contains information covered by the attorney-client privilege and information that is not covered by the privilege must be redacted.

¶43 The civil rules of discovery, CR 26(b)(4), require disclosure of all relevant documents that are not otherwise privileged. CR 26(b)(1). "Thus, where a controversy is at issue, *privileged* communications contained in documents are exempt from disclosure by way of the Public Records Act's reliance on CR 26(b)." *Soter v. Cowles Publ'g Co.*, 162 Wn.2d 716, 745, 174 P.3d 60 (2007).[13]

¶44 Under RCW 5.60.060(2), the attorney-client privilege protects confidential communications between an attorney and a client from discovery or public disclosure. *Hangartner*, 151 Wn.2d at 452.[14] The attorney-client privilege applies to communications and advice between an attorney and client and extends to documents that contain privileged communications. *Dietz v. John Doe*, 131 Wn.2d 835, 842, 935 P.2d 611 (1997). Documents covered by the attorney-client privilege are protected regardless of whether they are "relevant to a controversy." *Hangartner*, 151 Wn.2d at 452. Because the attorney-client privilege is not absolute and results in the exclusion of otherwise admissible evidence, it must be strictly limited to its purpose. *Dietz*, 131 Wn.2d at 843. The party asserting attorney-client privilege has the burden of showing that the privilege exists and the requested documents contain privileged communications. *Dietz*, 131 Wn.2d at 843.

---

[13] Former RCW 42.17.310(1)(j) exempts from disclosure

[r]ecords which are relevant to a controversy to which an agency is a party but which record would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts.

[14] RCW 5.60.060(2)(a) provides, "An attorney or counselor shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment."

¶45 The attorney-client privilege is limited to information related to obtaining advice. *Dietz*, 131 Wn.2d at 846. The privilege does not protect documents prepared for purposes other than communicating with an attorney. *Morgan v. City of Federal Way*, 166 Wn.2d 747, 755, 213 P.3d 596 (2009). Thus, a document prepared for a purpose other than or in addition to obtaining legal advice and intended to be seen by persons other than the attorney does not become subject to the privilege merely by being shown to the attorney. Consequently, if a portion of a document is not covered by the attorney-client privilege, under the civil rules of discovery it must be disclosed. Likewise, a governmental agency must disclose information that is not expressly covered by the attorney-client privilege.

¶46 Here, if the requested records contain information covered by the attorney-client privilege and information that is not covered by the privilege, subject to in camera review, the City may only redact the privileged information. On remand, the City must disclose any information not covered by the attorney-client privilege in the e-mails withheld in response to her March 2005 request.

*March 2005 Log*

¶47 Mechling also challenges the City's identification of the records withheld in response to her March 2005 request. The City provided a list of redacted and withheld records that sets forth the date and time of each e-mail but does not specifically state the name of the person who sent or received the e-mail. Instead, the City stated that the city attorney was the author or the recipient of each e-mail.

¶48 *PAWS* II describes the information that should be identified when an agency withholds a public record:

> The identifying information need not be elaborate, but should include the type of record, its date and number of pages, and, unless otherwise protected, the author and recipient, or if protected, other means of sufficiently identifying particular records without disclosing protected content. Where use of any

identifying features whatever would reveal protected content, the agency may designate the records by a numbered sequence.

*PAWS* II, 125 Wn.2d at 271 n.18.

¶49 We conclude that the City's identification of the records that were withheld or redacted in response to Mechling's March 2005 request did not meet the requirements of *PAWS* II. *See also Dietz*, 131 Wn.2d at 846 (client's name is not ordinarily protected by the attorney-client privilege). On remand, the City must comply with the requirements of *PAWS* II and provide the name of the author and the recipient of the e-mails.

*December 2005 Log and Redactions Based on Definition of "Public Record"*

¶50 The parties do not dispute that the e-mails produced in response to Mechling's December 2005 request are public records used in the conduct of governmental business. Nonetheless, the City redacted portions of six of the e-mail messages based on the assertion that some of the information in the e-mails did not meet the definition of a "public record" under the PDA.

¶51 Mechling contends the trial court erred in ruling that the City properly redacted the e-mail messages on the grounds that certain information "[d]oes not meet the definition of public record." The City claims the e-mails were properly redacted because portions of the e-mails contain private information, such as meeting for lunch and birthdays, that is unrelated to the conduct of government.

¶52 The City must disclose a public record unless a specific exemption applies. *PAWS* II, 125 Wn.2d at 250. "Once documents are determined to be within the scope of the PDA, disclosure is required unless a specific statutory exemption is applicable." *Newman v. King County*, 133 Wn.2d 565, 571, 947 P.2d 712 (1997) (citing *Dawson v. Daly*, 120 Wn.2d 782, 789, 845 P.2d 995; RCW 42.17.260(1)). For instance, in *Tiberino*, the court upheld the redaction of private e-mails of a "purely personal nature" based on the

privacy exemption under former RCW 42.17.310(1)(b). *Tiberino*, 103 Wn. App. at 689.

¶53 Because " '[d]oes not meet the definition of public record' " is not a statutory exemption that allows redaction under the PDA, we conclude the court erred in ruling that the City properly redacted the e-mails on this ground. On remand, unless the City can establish a statutory exemption that allows redaction, the City must provide the e-mails without redaction. The mandate to provide access to public records takes precedence over disclosure of information that "may cause inconvenience or embarrassment to public officials or others." Former RCW 42.17-.340(3); *PAWS* II, 125 Wn.2d at 251.

*Attorney Fees and Penalties*

¶54 As the prevailing party, Mechling is entitled to attorney fees and penalties under former RCW 42.17-.340(4).[15] *See Lindeman*, 162 Wn.2d at 204. On remand the trial court shall determine appropriate fees and penalties. *Lindeman*, 162 Wn.2d at 204.

¶55 We reverse in part, affirm in part, and remand for further proceedings consistent with this opinion.

AGID and BECKER, JJ., concur.

Reconsideration denied December 11, 2009.

Review denied at 169 Wn.2d 1007 (2010).

---

[15] Former RCW 42.17.340(4) provides:

Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he was denied the right to inspect or copy said public record.